UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | CASE NO: 2:10 CR 123 |
| ) | |
| WILLIE HARRIS ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

**Facts:**

The Defendant, Willie Harris, filed a Motion to Suppress evidence and on March 6, 2013, the Court held a hearing thereon. At the hearing, the government called one witness, Detective Michael Janiga of the Munster Police Department. The Defendant called no witnesses and presented no evidence.

Detective Janiga testified that on April 7, 2008, the Munster Police Department was dispatched to Chase Bank in Munster because a person, Darielle Watkins, was attempting to obtain a cash advance by using a fraudulent credit card. When Detective Janiga arrived, Darielle Watkins was outside of the bank being questioned by other Munster officers.

Darielle Watkins had been transported, as a passenger, to the bank in a vehicle that was operated by the Defendant, Willie Harris. When Janiga arrived, Harris' vehicle was parked in a handicapped parking space and Harris was sitting in a Munster police squad car, presumably handcuffed per Munster Police Department policy. Watkins and Harris were subsequently transported to the Munster Police Department. The next time that Janiga saw Willie Harris, the Defendant was in a jail cell at Munster Police Department.

1

Shortly before being transported to the police department, Darielle Watkins (a juvenile) requested Detective Janiga to "retrieve" her personal belongings from the inside of Willie Harris' truck. The items that she specifically referred to were her backpack and her coat.

Detective Janiga then went into Willie Harris' vehicle and removed Darielle Watkins' backpack but testified that he could not find her coat. Detective Janiga also removed two items that were not requested by Darielle Watkins, i.e. a wallet and a grey spiral notebook.

Darielle Watkins never told Detective Janiga that she has an ownership or possessory interest in Harris' vehicle. Darielle Watkins was identified by an I.D. card, not a driver's license. Willie Harris was never asked if he consented to a search and/or the removal of items from his vehicle. The Munster Police Department never obtained a search warrant nor did they take physical custody over Harris' vehicle.

Munster Police Department retained possession over the grey spiral notebook. The notebook and its contents will be attempted to be admitted into evidence at trial by the government against the Defendant, Willie Harris, (a copy of transcript of suppression hearing is attached hereto and marked Exhibit "A").

**Discussion and Argument:**

The Fourth Amendment protects the right of people to be secure from searches without a search warrant. Coolidge v. New Hampshire, 91 S.Ct. 2022 (1971). In this matter, there was no search warrant ever procured by the government.

Generally a search conducted without a warrant is per se unreasonable unless it falls within one of the exceptions defined by the Courts. Id at 2042. Here, there has been no exception put forth that would relieve the government from the requirement of obtaining a search warrant. Specifically, the vehicle was not seized and inventoried; the Defendant, Willie Harris,

and Darielle Watkins, were both in custody prior to the search and there existed no danger that they could obtain anything from the interior of the vehicle that was contraband or that posed a danger; they posed no risk of fleeing or danger to the officers or the public; there existed no exigent circumstances that would otherwise justify a search of the vehicle.  The officer, according to his testimony, had no probable cause to believe that contraband or fruits of the suspected crime were within the vehicle.  If he did have probable cause, Detective Janiga would have had ample time and opportunity to obtain a search warrant.

"The courts have tolerated departures from the warrant requirement only when an exigency makes a warrantless search imperative to the safety of the community." Illinois v. Rodriguez, 497 U.S. 177, 191 (1990); Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642 (1967); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034 (1969).  "In the absence of an exigency, then, warrantless home searches and seizures are unreasonable under the Fourth Amendment. Illinois v. Rodriguez, 497 U.S. 177, 192 (1990).

Because there was no search warrant and because this search and seizure does not fall within any recognized exception to the Fourth Amendment warrant requirement, the issue of consent to search must be examined.

Here, Detective Janiga testified that Willie Harris did not give consent to the search of his vehicle.  However, Darielle Watkins' request for the officer to get her backpack and coat out of the Defendant's vehicle, could be construed as giving at least limited consent to enter the Defendant's vehicle and to retrieve those specific items.  The question is whether a third party (Darielle Watkins) is lawfully empowered to consent to a warrantless search and seizure by law enforcement.

U.S. v. Matlock, 415 U.S. 164, 170 (1974) held in part, that "…the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." In Matlock, a live-in girlfriend, with whom the Defendant shared a bedroom, was deemed to have actual authority to consent to the search of the premises. And the evidence supported the officers having a good faith belief that she had such authority.

In determining whether the third party has the authority to consent to a search, the burden is on the government to show that the third party possessed common authority over the premises meaning someone who has "…mutual use of the property…and joint access and control for most purposes…" Illinois v. Rodriguez, 497 U.S. 177, 181 (1990) citing U.S. v. Matlock, 415 U.S. 164, 171, n.7 (1974). Here there is no showing, through the evidence submitted at the suppression hearing, that Darielle Watkins had any authority to consent to the search of Harris' vehicle. There was no evidence that Darielle Watkins possessed common authority over Harris' vehicle, i.e. that she mutually used the vehicle or that she had joint access to it.

A district court in Delaware has interpreted the rule set forth in Matlock as applying to motor vehicle searches. There, the Defendant, Rubio owned the vehicle that the Defendant, Padron was driving. After being pulled over for a traffic violation, the non-owner driver, Padron, gave consent to search the vehicle. The owner, Rubio, was never asked for consent to search. During the search, drugs were found. U.S. v. Padron, 657 F.Supp. 840 (1987).

In determining that the driver had the power to consent to the search, the court said "…The power to consent is not limited to the Defendant, but may be given by a third party who possessed common authority over…the premises or effects sought to be inspected." Id at 844, citing U.S. v. Matlock, 415 U.S. 164, 171, 94 S.Ct. 988, 993 (1974).

Here, it is clear that Darielle Watkins, a juvenile, without a driver's license, did not possess common authority over Harris' vehicle.  The evidence clearly shows that, at best, she was a passenger in Willie Harris' vehicle and that he drove her to the bank.  She did not possess keys, title or registration and did not drive.  There is no evidence that she, in any way or at any time, shared possession of the vehicle with Willie Harris in order for her to have actual or perceived authority to consent to a search of Harris' vehicle.

**Conclusion:**

The Munster Police entered Willie Harris' vehicle without a search warrant, without exigent circumstances and without his consent.  Therein, they seized a spiral notebook which the government likely will attempt to use against the Defendant, Willie Harris, at trial.

Because there was no warrant to search nor did Willie Harris consent to the search, nor did there exist an exception to the warrant requirement of the Fourth Amendment or exigent circumstances, the Defendant's Motion to Suppress should be granted.  Darielle Watkins' consent is invalid because she did not have the actual or even reasonably perceived authority to five a valid consent to search.

RESPECTFULLY SUBMITTED BY:

       s/Arlington J. Foley
Arlington J. Foley, Atty. No. 6905-45
Attorney for Defendant, Willie Harris
1942 North Main Street
Crown Point, IN  46307
Tel: (219) 661-1200

**CERTIFICATE OF SERVICE**

    I certify that on the 4th day of _____April_____, 2013 service of a true and complete copy of the above and foregoing pleading or paper was made upon each party or attorney of record herein by the electronic case filing system (ECF).

                      By: _____s/Arlington J. Foley_____
                              Arlington J. Foley
                              Attorney at Law