UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIE J. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 2:16-cv-537-PPS |
| | ) Arising From No. 2:10-cr-123-PPS |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the "Motion Seeking Certificate of Appealability," filed by Petitioner, Willie J. Harris, on October 25, 2018 [DE 731]. On June 27, 2018, I denied Harris' Motion to Vacate, Set Aside, or Correct Sentence made pursuant to 28 U.S.C § 2555, and I also denied a certificate of appealability. [DE 727.] Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), Harris moved to extend the time to file a notice of appeal contending the prison mail system delayed his receipt of the order. [DE 729.] I noted that although a party is usually required to appeal within 30 days after the entry of the judgment or the order appealed from, in cases like this in which the United States is a party, the time is extended to 60 days. Fed. R. App. P. 4(a)(B)(i). Nevertheless, in light of the quickly approaching deadline for Harris to appeal, I found that good cause existed to extend the deadline, and noting the Rules only allow granting an extension of 30 days after the prescribed time, I granted Harris' extension until September 25, 2018. [DE 730 at 2.]

On October 25, 2018, the Seventh Circuit received, and then sent to this court, Harris' request for a certificate of appealability. [DE 731-2.] Insofar as this motion seeks a certificate of appealability, it is denied as moot because I already denied a certificate of appealability. However, Harris also indicates in his motion that he would like to appeal the order denying his section 2255 motion, and that request is properly before me. "The court can construe the motion for a certificate of appealability as a notice of appeal, if the motion satisfies the requirements of a notice of appeal." *Taylor v. United States*, No. 3:12-CV-370-RLM, 2014 WL 12802856, at *1 (N.D. Ind. Apr. 2, 2014). Here, the motion does specify the party taking the appeal, the judgment or order being challenged and the appellate court to which the appeal is taken. *See* Fed. R. App. P. 3(c)(1); *Wells v. Ryker*, 591 F.3d 562, 564-65 (7th Cir. 2010). Therefore, I construe the motion for a certificate of appealability as a notice of appeal

At first blush, it seems Harris' notice of appeal is untimely since it was filed about a month after it was due (I granted the extension to file a notice of appeal until September 25, 2018, and it was filed on October 25, 2018). However, Harris attests that he placed the document in the Milan FCI mailing system with first-class postage on September 21, 2018. [DE 731 at 20.] The prison mailbox rule, established in *Houston v. Lack*, 487 U.S. 266, 275-76 (1988), and codified in Rule 4(c) of the Federal Rules of Appellate Procedure, provides that a prisoner's notice of appeal is deemed filed at the moment the prisoner places it in the prison mail system (rather than when filed by the clerk of the court). *Hurlow v. United States*, 726 F.3d 958, 962 (7th Cir. 2013). If an institution has a system designed for legal mail, and the inmate files a notice of appeal

2

in the institution's internal mail system on or before the last day for filing and it is accompanied by a declaration setting out the date of deposit and stating that first-class postage is being prepaid, the notice of appeal is deemed timely filed. Fed. R. App. P. 4(a)(1). Harris' declaration meets all the requirements, so his notice of appeal is timely.

For these reasons, the Court GRANTS the motion to file a notice of appeal; and DENIES AS MOOT Harris' request for a certificate of appealability.

ENTERED: December 3, 2018

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT